**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 124-178 |
| | * | |
| IKONZ SPORTS BAR & GRILL, | * | |
| LLC d/b/a IKONZ SPORTS BAR | * | |
| & GRILL and DEWAYNE | * | |
| PEARSON, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court is Plaintiff's renewed motion for default judgment as to attorneys' fees. (Doc. 14.) On March 30, 2026, the Court granted Plaintiff's motion for default judgment as to statutory and enhanced damages in the amount of $6,500.00 and denied Plaintiff's motion as to attorneys' fees. (Doc. 13, at 14.) Plaintiff now submits a renewed motion for default judgment as to attorneys' fees (Doc. 14) and an affidavit of Paul J. Morochnik, Plaintiff's attorney, with itemized time and billing records attached (Doc. 14-1). For the following reasons, Plaintiff's motion (Doc. 14) is **GRANTED IN PART AND DENIED IN PART.**

## I. DISCUSSION

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate." M.I.T., Inc. v. Medcare Exp., No. CV 114-081, 2014 WL 5149150, at *4 (S.D. Ga. Oct. 14, 2014) (quoting Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008)). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988) (citation omitted). Generally, the "relevant legal community" is that of the place where the case is filed. Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (citation omitted). Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The relevant legal market for this Court is the Augusta legal market, where the reasonable rate for more experienced attorneys is $450/hour, for other attorneys is $315/hour, and for paralegals is $150/hour. See Jackson v. Johnson, No. CV 123-074, Doc. 18, at 8-10 (S.D. Ga. Aug. 31, 2024); Whitesell Corp. v. Electrolux Home Prod., Inc., No. CV 103-050, 2021 WL 9316401, at *2 (S.D. Ga. July 20, 2021).

The Court previously found Plaintiff's requested attorneys' fees were unreasonable in the Augusta market. (Doc. 13, at 14.) Plaintiff's renewed motion for default judgment seeks $4,506.00 in

attorneys' fees, which is the same amount as previously requested. (Doc. 14, at 2; see Doc. 12, at 4.)  Plaintiff's requested attorneys' fees are based on hourly rates of $595.00 for Plaintiff's attorney, Paul Morochnik, and $225.00 for Plaintiff's paralegal, Carol Rideout.  (Doc. 14-1, at 2.)  Attorney Morochnik states he has been practicing law for over thirty-three years in Atlanta.  (Doc. 14-1, at 2.)  Attorney Morochnik also states "[f]ederal litigation related to cable, satellite, and internet piracy is considered a specialized practice area."  (Id. at 2-3.)

The Court again finds Plaintiff's requested rates unreasonable.  As previously stated, both rates exceed the reasonable rates for attorneys and paralegals in the Augusta legal market, and Plaintiff fails to demonstrate a sufficient reason for granting the requested rates.  (Doc. 13, at 13); see Joe Hand Promotions, Inc. v. Allen, CV 118-127, 2020 WL 5739592, at *2 (S.D. Ga. Sept. 24, 2020) (finding Plaintiff's requested hourly rate of $375.00 reasonable for attorneys' fees).  Accordingly, the Court reduces the hourly rates to align with the Augusta legal market. Based on Attorney Morochnik's legal experience and expertise, the Court finds he is entitled to an hourly rate of $450.00.  (See Doc. 14-1, at 2-3.)  The Court applies the reasonable hourly rate for paralegals in the Augusta legal market of $150.00 to Ms. Rideout.  Furthermore, Plaintiff's billing invoice shows that counsel spent 14.6 hours working on this case, which the Court

3

previously found to be reasonable. (Doc. 14-1, at 5-6; Doc. 13, at 14.) Therefore, the Court finds Plaintiff's counsel is entitled to $1,485.00 for Attorney Morochnik's 3.3 billing hours and $1,695.00 for Ms. Rideout's 11.3 billing hours, totaling $3,180.00. (See Doc. 14-1, at 6.)

## II. CONCLUSION

For the reasons set forth above, **IT IS HEARBY ORDERED** that Plaintiff's renewed motion for default judgment as to attorneys' fees (Doc. 14) is **GRANTED IN PART** in the amount of $3,180.00 and **DENIED IN PART** as to attorneys' fees exceeding $3,180.00. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $6,500.00 for statutory and enhanced damages and $3,180.00 for attorneys' fees. The Clerk **SHALL** terminate all deadlines and motions and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 22ⁿᵈ day of April, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA